UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY C. MOORE,

                    Plaintiff,

        v.                                    Case No. 17-cv-122-pp

SGT. ROZMARYNOSKI,
MR. CROMWELL,
SGT. LENNOE,
SGT. WALLACE, and
CO GONNERING,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING
WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT.
NO. 8), DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER (DKT. NO. 10), AND DIRECTING PLAINTIFF TO FILE AN AMENDED
COMPLAINT ON OR BEFORE NOVEMBER 10, 2017**

        The plaintiff is a state prisoner who is representing himself. He filed this

lawsuit under 42 U.S.C. §1983, alleging that the defendants violated his

constitutional rights by turning on and leaving on unnecessary bright lights

near the plaintiff's cell. Dkt. No. 1. The plaintiff also filed a motion for leave to

proceed without prepayment of the filing fee, dkt. no. 2, a motion to appoint

counsel, dkt. no. 8, and a motion for a temporary restraining order, dkt. no.

10. The plaintiff also has filed a number of letters, updates, and other

documents. This order resolves the plaintiff's motions and directs the plaintiff

to file one, comprehensive amended complaint.

I.      Motion for Leave to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On March 30, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $3.61, dkt. no. 14, and the court received the fee on April 12, 2017. Accordingly, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In addition to his original sworn complaint, the plaintiff has submitted at least fifteen additional letters and documents, asserting new allegations against the defendants and describing continuing developments in the situation

regarding the wall lights. Dkt. Nos. 7-10, 12, 15-24. The court will not consider piecemeal submissions and amendments to the complaint. In order for the court to consider all of the plaintiff's claims, the plaintiff must file one, comprehensive amended complaint containing all of his allegations.

If the plaintiff wants to proceed on all of the claims and allegations he has raised in his various letters and updates and other documents, he must file an amended complaint—a single document—containing all of his allegations against the defendants. The plaintiff must file that amended complaint in time for the court to receive it by **November 10, 2017**. If the plaintiff does not file an amended complaint by the deadline, the court will assume that he no longer wishes to prosecute the case, and will dismiss the case based on his failure to diligently pursue it. See Civil L.R. 41(c).

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—17-cv-122—in the field for "Case Number." He must list all of the defendants in the title of the complaint. He must use the spaces on pages two and three to list all the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint; it must be complete in itself, and should not instruct the court to look back at the prior complaint for reference. See Duda v. Bd. of Educ. of

Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If the plaintiff files the amended complaint by the deadline, the court will

screen it under 28 U.S.C. §1915A.

III.    Motion to Appoint Counsel

At the end of a four-page document containing information regarding his

claims and his trust account, the plaintiff asks the court to appoint counsel to

help him with this case. Dkt. No. 8 at 4. He attached a letter he received from

an attorney declining to represent him. Dkt. No. 8-1 at 1-2. The plaintiff

indicates that he has been harassed by staff for over ten years, has had his

head split open and that other inmates have been hired by staff to harm the

plaintiff. Dkt. No. 8 at 4. The plaintiff argues that the use of the lights is

another example of how staff does things. Id. He also says that he has three

years left, that a doctor tried to kill him at GBCI in 2015, and that it hasn't

been the same since. Id.

In a civil case, the court has discretion to decide whether to recruit a

lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696

(7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706

F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a

reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d

647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to

hire counsel, the court then must decide "whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson

to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at

4

655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Although the plaintiff submitted a letter he received from an attorney, the letter is dated August 21, 2015—well over a year before the problem with the lights began on January 1, 2017. In addition, it appears that the plaintiff contacted only one lawyer; generally, the court asks a plaintiff to contact at least three attorneys regarding his case. The court will deny the plaintiff's motion to appoint counsel at this time. If the plaintiff contacts (or has contacted) three or more lawyers without success, he may renew his motion, and provide the court with proof that he contacted three lawyers without finding one to represent him.

IV.    Motion for Temporary Restraining Order (TRO)

On February 22, 2017, the court received a six-page document from the plaintiff that says he is in imminent danger due to continued harassment and pain that the light is causing in his right eye. Dkt. No. 10 at 1-2. The plaintiff asked the court to issue a temporary injunction barring the security staff from using the three lights on the wall that are causing the plaintiff pain in his right eye. Id. at 2. The plaintiff provides additional details regarding his communication with the defendants and other members of the prison staff since he filed his complaint, asks for a temporary restraining order to stop this light from his cell, and argues that it can be done. Id. at 1-6. The plaintiff

describes his attempts to communicate with prison staff regarding the lights, and asserts that the institution complaint examiner is refusing to investigate. Id. at 3-4, 6. The plaintiff also argues that the wall light has put him in imminent danger of bodily harm from other prisoners because they blame the plaintiff for the excessive use of the wall lights when they are not needed. Id. at 5.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff shows those three factors, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995)).

The plaintiff has not made the showing necessary for the court to issue injunctive relief. He has not yet shown a likelihood of success on the merits, and he has an adequate remedy at law—this case. Also, his assertions of pain in his eye from the lights and the ambiguous threat from other inmates

because the plaintiff caused the lights to be on more are not enough to show irreparable harm. Additionally, the plaintiff has not submitted evidence (in the form of declarations or other sworn documents) in support of his motion for injunctive relief. The court will deny the plaintiff's motion.

V.     Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff shall file an amended complaint in time for the court to receive it on or before **November 10, 2017**. If the court does not receive the plaintiff's amended complaint by that deadline, the court will dismiss the case based on the plaintiff's failure to diligently pursue it.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 8.

The court **DENIES** the plaintiff's motion for temporary restraining order. Dkt. No. 10.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $346.39 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution, county, state,

or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court further **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he does not file documents by required deadlines, it may result in the dismissal of his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely

delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 10th day of October, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**