UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

      Plaintiff,

v.            Case No. 17-cv-122-pp

SGT. ROZMARYNOSKI, MR. CROMWELL,
SGT. LENNOYE, CO YANG,
SGT. COOK, DEPUTY WARDEN SCHUELER,
and JOHN DOES,

      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY (DKT. NO. 33), DENYING HIS MOTION TO CHANGE JURISDICTION (DKT. NO. 39) AND SCREENING HIS AMENDED COMPLAINT (DKT. NO. 27)**

---

  The court gave the plaintiff, an inmate at Green Bay Correctional Institution who is representing himself, the opportunity to file an amended complaint, dkt. no. 29; he did so on November 7, 2017, dkt. no. 27. Later, he filed a motion to stay, dkt. no. 33, and a motion to change jurisdiction, dkt. no. 29. This order resolves the plaintiff's motions and screens his amended complaint.

**I. Screening the Plaintiff's Amended Complaint**

  The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed on a claim that his constitutional rights were violated under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  The Plaintiff's Allegations

The plaintiff has been in a maximum-security institution for most of his fifteen-year sentence. Dkt. No. 27 at 4. He explains that he has had little exposure to real sunlight during that time. Id. According to the plaintiff, "out of the blue" he was "hit with a spot light that seemed never to shut off." Id. He explains that, during the summer, the light would be turned on at 6 a.m. and

2

turned off at 10 p.m. Id. He states that at the time he filed the amended complaint, the light was on "2:00 to 5:00pm - 10:00pm." Id. The plaintiff clarifies that he is housed in general population, not segregation. Id.

The plaintiff alleges that he has suffered permanent eye damage, migraines and nausea as a result of long-term exposure (between Christmas break 2016 and June 29, 2017, when he went to an eye doctor) to emergency wall lighting (consisting of a 250-watt lightbulb with a magnifying lens). Id. at 3. The plaintiff states that the light had been covered at one point, but that about thirty days before he filed the amended complaint, someone removed the paper and cleaned the magnifying lens. Id. at 6. The plaintiff states that his headaches returned when the light was uncovered. Id.

The plaintiff states that defendant Cromwell allows security to use the emergency wall lighting (rather than the ceiling lights) for everyday use. Id. at 3. According to the plaintiff, Cromwell left it up to individual security officers to use the lights as long as they think they need them, regardless of the harm they might cause. Id. at 3-4. The plaintiff asserts that defendant Lennoye purposefully turns off the ceiling lights before turning on the wall lights. Id. at 5. He allegedly stated that he doesn't care if the wall lights give the plaintiff migraines; he wants "as much light in [t]here as he can get." Id. at 5.

Defendant Cook allegedly told the plaintiff that he is following orders from Cromwell, but Cromwell allegedly told the plaintiff that he leaves it up to security. Id. Defendant Yang allegedly told the plaintiff that while Yang could see without the lights, Lennoye had ordered the lights to be turned on, but that

3

Lennoye would claim that it was Yang. Id. The plaintiff explains there are other unknown officers who order that the lights be on seven days per week. Id.

According to the plaintiff, defendant Schueler, the deputy warden, told him that he would not direct the listed defendants to do anything differently. Id. at 6. The plaintiff complains to the warden (who is not a defendant), but he delegates the complaints to Schueler or Cromwell. Id.

The plaintiff asserts that he filed inmate complaints, and that Cromwell retaliated against him by letting Rozmarynowski give him a "ticket" in January 2017, which "caused [the plaintiff] to be sexually harassed by this person to the point [the plaintiff] filed a PERA [sic] complaint." Id. at 4. The plaintiff asserts that he then received another ticket, which was used to keep him in a maximum-security facility and took away the possibility of him going to a medium-security facility. Id. The plaintiff explains that he got the ticket in January 2017, because he put a "small piece of paper on [his] door to block the light from [his] eyes." Id. The plaintiff also states that he filed a complaint with OSHA and a John Doe complaint. Id. at 6.

### B. The Court's Analysis

Before the court gets to the substance of the plaintiff's amended complaint, it reminds the plaintiff that it will not consider piecemeal submissions and amendments to a complaint. The court already has explained to the plaintiff that he must put all of his allegations against all of the defendants in a single document. See Dkt. No. 25 at 3. Despite this warning, after the court received the plaintiff's amended complaint on November 7,

4

2017, he continued to file declarations and supplements to his amended complaint. See, e.g., Dkt. Nos. 31, 32, 34-37.

The court will screen the plaintiff's amended complaint, but it will not consider any allegations that are not included in that amended complaint. The plaintiff must not file additional declarations in support of his amended complaint, or try to supplement the amended complaint. The court understands that the plaintiff wants the court to know that the emergency lights remain on; he does not need have to continue to update the court on that point.

Turning to the substance of the plaintiff's amended complaint, the court notes that it must follow a two-step process when analyzing an Eighth Amendment conditions of confinement claim:

> First, [the court] must determine whether the conditions at issue were "sufficiently serious" so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities. If the inmate successfully establishes that the conditions were sufficiently serious, [the court] then examine[s] whether prison officials acted with "deliberate indifference" to the conditions in question. "Deliberate indifference," in turn, means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it.

Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotations omitted).

The court will allow the plaintiff to proceed on a conditions of confinement claim against Cromwell, Lennoye, Yang, Cook, Schueler and the John Doe officers based on his allegations that they deliberately exposed him to bright emergency lights for long periods of time each day, despite his

5

complaints of headaches and nausea, and despite alternative ceiling lights being available.

The court will also allow the plaintiff to proceed on a retaliation claim against Cromwell. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted).

The plaintiff's allegations that Cromwell let Rozmarynoski write a disciplinary ticket because the plaintiff had filed complaints about him (dkt. no. 27 at 4) are sufficient for the plaintiff to state a claim against Cromwell; they are *not* sufficient, however, for the plaintiff to state a claim against Rozmarynoski. The plaintiff does not allege that he filed complaints against Rozmarynoski, or that Rozmarynoski knew about the plaintiff's complaints about Cromwell. Further, the plaintiff admits that he covered his door, which is the reason Rozmarynoski wrote the ticket. The court will not allow the plaintiff to proceed on a First Amendment retaliation claim against Rozmarynoski.

The court notes that the plaintiff does not know the names of some of the staff who subject him to prolonged exposure to the lights. *After* the named defendants have responded to the plaintiff's complaint, and *after* the court enters a scheduling order setting deadlines for discovery and dispositive motions, the plaintiff may use discovery (see Fed. R. Civ. P. 33 and 34) to learn

the names of the John Doe defendants. Once he learns their names, he can file a motion to substitute their names for the Doe placeholders.

## II. The Plaintiff's Motion to Stay (Dkt. No. 33) and Motion to Change Venue (Dkt. No. 39)

The plaintiff filed a motion asking the court to stay the case so he could "properly exhaust [his] remedies with the Brown County Circuit Court" because "[i]t needs to be done." Dkt. No. 33. The court will deny the plaintiff's motion.

In a civil case under §1983, a prisoner-plaintiff is not "entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). This means that the plaintiff is required to exhaust available remedies at the institution level (through the ICRS); a prisoner-plaintiff is not required to also pursue judicial relief in state court. See id. at 93 (explaining that the exhaustion process allows prisoners to "make full use of the prison grievance process"). The plaintiff is mistaken in believing that he has to go to Brown County Circuit Court before he can pursue his claims in federal court. The court will deny his motion as unnecessary.

The court will also deny as unnecessary the plaintiff's motion to change jurisdiction. Dkt. No. 39. First of all, the motion isn't really a motion to change jurisdiction. This is another update from the plaintiff about the fact that the lights remain on, and that he is still suffering. The plaintiff should assume that, unless he notifies the court that the lights are no longer in use, the court will proceed as if the lights remain on.

Second, the plaintiff does not need to "change" jurisdiction. The plaintiff's

amended complaint alleges that the defendants are violating his rights under the Eighth Amendment of the federal constitution. He sued in federal court. The federal court has jurisdiction over claims that arise under the federal constitution. In this decision, the court is allowing the plaintiff to proceed on Eighth Amendment and First Amendment claims. These are federal law claims, so the plaintiff's motion is unnecessary.

## III. Conclusion

The court **ORDERS** that the clerk's office shall docket the plaintiff's amended complaint, dkt. no. 27, as the operative complaint in this case.

The court **ORDERS** that Sgt. Rozmarynoski is **DISMISSED** as a defendant.

The court **DENIES as unnecessary** the plaintiff's motion to stay. Dkt. No. 33.

The court **DENIES as unnecessary** the plaintiff's motion to change jurisdiction. Dkt. No. 39.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, the clerk of court will electronically send copies of the plaintiff's amended complaint (Dkt. No. 27) and this order to the Wisconsin Department of Justice for service on defendants Cromwell, Lennoye, Yang, Cook and Schueler.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendants Cromwell,

Lennoye, Yang, Cook and Schueler shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated in Milwaukee, Wisconsin this 13th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**