UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY C. MOORE,

                Plaintiff,

v.                                      Case No. 17-cv-122-pp

DAN CROMWELL, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW MOTION TO APPOINT COUNSEL AND LETTER REGARDING SETTLEMENT (DKT. NO. 48)**

The plaintiff, who is representing himself, is incarcerated at Green Bay Correctional Institution (GBCI). The court has designated GBCI for the U.S. District Court Prisoner E-Filing Program. Under this program, a prisoner-plaintiff must give his filings to the library staff, who scan and email the filings to the court. Participation in the E-Filing Program is mandatory. Inmates at participating institutions cannot mail hard copies of their filings to the defendants or to the court.

On June 25, 2018, the court received two filings in the mail from the plaintiff. The first was a motion to recruit counsel. Dkt. No. 45. The second was a letter explaining to the court that the plaintiff is "trying to get the Dept. of Corrections to settle." Dkt. No. 46. The next day, the clerk's office sent the plaintiff a compliance notice, explaining the rules of the E-Filing Program and instructing the plaintiff to submit all "future" filings to library staff so they

1

could scan and email the filings to the court. Dkt. No. 47. The letter warned the plaintiff that "[f]ailure to comply may result in your documents being returned to you unfiled." Id.

On July 10, 2018, the court received a letter from the plaintiff. He explained that he "was acting in the only way [he] had access to the court, defendant's [sic] had the E-filing system closed due to the lock down . . . ." Dkt. No. 48. According to the plaintiff's letter, the lockdown has been lifted, and he again has access to the library. Id.

The court appreciates the plaintiff's explanation. The court did not know about the lockdown at the time it sent the compliance notice to the plaintiff. The court understands that under certain circumstances, such as an institution-wide lockdown, it may not be possible for inmates to use the E-Filing Program. Under those circumstances, it would be helpful to the court if the plaintiff would briefly explain in his filing why e-filing is unavailable and why he is sending his filings by mail. If the court understands *why* a plaintiff is mailing his filings instead of e-filing them, it can better evaluate whether an e-filing compliance notice is appropriate.

In the plaintiff's letter, he also asks to withdraw the motion and the letter he sent by mail. Although it is not clear why the plaintiff wants to withdraw these filings, the court will grant his request. Just to be clear, the clerk of court's notice/warning applied to *future* filings, not to the filings the plaintiff already had mailed in. If the plaintiff still believes he needs a lawyer, he may re-file his motion, using the E-Filing Program.

If the plaintiff decides to properly file a motion to appoint counsel, the court reminds the plaintiff that it will exercise its discretion to find a lawyer to represent him only: (1) after the plaintiff has made reasonable attempts to find a lawyer himself; and (2) if the court believes that "'the difficulty of the case—factually and legally— exceeds [his] capacity as a layperson to coherently present it.'" Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013) (quoting Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007) (*en banc*)). In other words, he must show that he has tried to hire a lawyer on his own, by providing the court with proof that he has contacted at least three lawyers who have declined to represent him. He also must show that the case is so complex or difficult that he cannot present it without a lawyer's help. It will not be enough for him to show that he does not have money and does not have legal training.

Finally, if the plaintiff concludes that, at this point, he would be able to represent himself if he had more time than a deadline allows him, he can file a motion for an extension of time, and the court will consider the motion.

The court **GRANTS** the plaintiff's request to withdraw Dkt. Nos. 45 and 46. Dkt. No. 48. The court will **TERMINATE** those motions.

Dated in Milwaukee, Wisconsin, this 20th day of July, 2018.

                                              **BY THE COURT:**

                                              **HON. PAMELA PEPPER**
                                              **United States District Judge**