UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY C. MOORE,

                Plaintiff,

v.                                      Case No. 17-cv-122-pp

DAN CROMWELL, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/ TEMPORARY RESTRAINING ORDER (DKT. NO. 50), DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (DKT. NOS. 49, 58) AND DENYING PLAINTIFF'S MOTION FOR EXPERTS (DKT. NO. 59)**

The plaintiff, who is representing himself, filed a motion for preliminary injunction/temporary restraining order, dkt. no. 50, two motions to appoint counsel, dkt. nos. 49 and 58, and a motion for experts, dkt. no. 59. The court will deny the motions.

**I.    Motion for Preliminary Injunction/Temporary Restraining Order (Dkt. No. 50)**

The plaintiff alleges that various people are retaliating against him because he is pursuing this case. Dkt. No. 50 at 2. He lists various acts that he considers retaliation: he says that on July 1, 2018, he was to go for an interview for a good job with Badger State Industries, but that security refused to clear him for the interview. Id. He claims that the John Does "have wiped out any chance of employment with B.S.I., tr[ied] to get [him] kicked out of school and tr[ied] to get [him] moved to Dodge Corr. Inst." where one of the defendants now works. Id. He says that on July 9, 2018, the "John Does" in his complaint

"allowed a ticket to be given" to him (presumably a conduct ticket), claiming that someone instructed "the writer of the ticket . . . to make it sound as serious as possible in order for the John Does to allow it to proceed." Id. at 1. The plaintiff indicates that he is not the only one who has complained about the wall lights being left on until late into the night, and that others have told him that the more complaints they file, "the longer staff leave them on your honor." Id. at 3. The plaintiff asks the court to order "the institution to stop from anymore interference as to possible employment with B.S.I." and to stop anyone from issuing "petty tickets as attempts to stop [the plaintiff] from going to medium institutions." Id. at 3. He says that he needs to get an interview, and to work; he also says that security is stopping inmates from moving to another institution after they have "prc'd" out—after the program review committee has concluded that the inmate is eligible for a lower security classification—and that he'll miss six outside recreation periods in the 660 days he has left before release. Id. at 4.

A preliminary injunction or a temporary restraining order is "an extraordinary remedy" that a court may grant only on a "clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). Injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying case. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Neuroscience, Inc. v.

Forrest, No 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside the scope of the complaint).

The amended complaint focuses on allegations that the defendants exposed him to bright emergency lights for long periods of time each day, despite his complaints of headaches and nausea, and despite alternative ceiling lights being available. Dkt. No. 27. The plaintiff's motion, on the other hand, focuses on allegations that, after he filed his complaint, some of the defendants began to interfere with his attempts to get a job and with his transfer to a medium security institution. The injuries the plaintiff alleges and the relief he seeks in his amended complaint are different from the injuries he alleges and the relief he seeks in his motion. For that reason, the court will deny his motion for preliminary injunction.

If the plaintiff wants to bring a claim that individuals are retaliating against him because he is pursuing this case, he needs to file a separate complaint. Courts are reluctant to allow prisoners to supplement or amend their complaints to include claims of retaliation that arise after the plaintiff filed his case. Allowing a plaintiff to amend his complaint in this manner risks extending the life of a lawsuit indefinitely. See Fitzgerald v. Greer, No. 07-cv-61, 2007 WL 5490138, at *1 (W.D. Wis. Apr. 2, 2007). In most cases, especially when the amendment would require adding new defendants (as appears to be the case here), it is cleaner and more efficient to bring the retaliation claims in

a separate case. See Atkinson v. Mackinnon, No. 14-cv-736, 2015 WL 13658057, at *1-2 (W.D. Wis. Oct. 29, 2015).

The court will deny the plaintiff's motion for a preliminary injunction/temporary restraining order.

## II. Motions to Appoint Counsel (Dkt. Nos. 49, 58)

On July 12, 2018, the court received from the plaintiff a motion asking the court to appoint counsel to represent him. Dkt. No. 49. (He had filed a similar motion about three weeks earlier, but withdrew it. Dkt. No. 45.) He listed four lawyers whom he had contacted to ask for representation; he said that none of them responded to him. Id. at 2. He went into detail about the ongoing problems caused by the wall lighting, as well as conduct tickets staff have been giving him (which he believes to be unwarranted and unfair), denial of employment and denial of the ability to move to another facility. Id. at 2-4.

A month later, the plaintiff filed an amended motion to appoint counsel. Dkt. No. 58. In the amended motion, he says that being incarcerated impedes his ability to litigate, that the issues in the case are complex, that he has limited access to the law library and limited knowledge of the law, that he has not received the discovery he requested, that he cannot represent himself at trial and that he has tried repeatedly—without success—to obtain a lawyer. Id. at 1-2. He also attached copies of letters he'd sent to lawyers, seeking representation. Dkt. No. 58-1.

In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696

4

(7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). A plaintiff first must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff demonstrates that he made those efforts, the court decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff has satisfied the first Pruitt requirement; he has identified several lawyers who failed to respond to his requests for representation. The court will deny the plaintiff's motion to appoint counsel right now, however, because the court believes the plaintiff can exchange discovery with the defendants on his own.

The court issued a scheduling order on August 14, 2018. Dkt. No. 57. That means that now, the parties may begin discovery; they have until January

18, 2019 to complete the discovery.[1] Id. During discovery, a party gets to ask the other party to provide it with information or documents. For example, Federal Rule of Civil Procedure 33 allows a party to serve interrogatories (written questions) on the other party to ask about information that may help the party prove its claims or defenses. Fed. R. Civ. P. 34 allows a party to ask the other party for reports, records, or documents that it thinks it needs to prove its claims or defenses. While the plaintiff is to direct his requests to the defendants, he must *mail* his requests to the defendants' lawyer (Theresa M. Anzivino, Wisconsin Department of Justice, Office of the Attorney General, 17 West Main Street, P.O. Box 7857, Madison, Wisconsin 53707-7857). The plaintiff also may use discovery to find out the real names of the John Doe defendants.

The court also has set a deadline for filing dispositive motions. A dispositive motion gives a party the chance to tell the court why it believes that, even if the other party's version of the facts is true, the law says that the party filing the motion should win the case. Generally, a plaintiff doesn't file a dispositive motion—a defendant will file one and the plaintiff will respond. When a defendant files a dispositive motion (for example, a summary judgment

---

[1] The plaintiff says in the amended motion to appoint counsel—which he dated August 14, and which the court received that same day—that he had not received the discovery he requested, and that he didn't understand why. Dkt. No. 58. The answer lies in the court's June 13, 2018 order screening the plaintiff's amended complaint. Dkt. No. 41. On the last page of that order, the court ordered that the parties could not begin discovery until *after* the court entered a scheduling order. Id. at 9. The court did not enter its scheduling order until August 14, 2018, which means that the plaintiff should not have demanded any discovery materials from the defendants until after that date.

motion), a plaintiff must respond to each of the defendant's proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact) and he must respond to the legal arguments in the defendant's brief. A plaintiff must support his facts or his disagreement with the defendant's facts with evidence. He can do that by relying on the facts and information he gets during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[2]. An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct.

Based on the things the plaintiff has filed up to now, the court believes that he can serve discovery requests on the defendants (by mailing them to the defendants' lawyer) and respond to the discovery requests the defendants serve on him. If the plaintiff encounters obstacles during discovery that prevent him from getting the information he thinks he needs, he may file a new motion for the appointment of counsel and explain to the court why he thinks he can no longer handle this case on his own.

### III. Motion for Experts (Dkt. No. 59)

Finally, the plaintiff has filed a motion, asking the court to order the defendants to provide him the following experts: an eye doctor (possibly to

---

[2] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

7

perform an eye exam, but in any event to provide information about the impact of the lights on the plaintiff's eyes), a psychiatrist for information on the mental harm the lights can cause, and an electrician to provide information on local regulations and whether having the lights on all the time is illegal. Dkt. No. 59. The plaintiff says that the psychiatrist must be an expert "on torture tech with use of light." Id.

As an initial matter, there is no law that requires *defendants* to provide the *plaintiff* with expert witnesses. The court will not order the defendants to provide the plaintiff with the experts he seeks. The court, however, has the authority to appoint experts, in cases where the court believes the expert is necessary under Federal Rule of Evidence 702. It is premature for the court to consider whether it should appoint such an expert.

First, the parties need to exchange discovery. Once the parties have collected all the information about the plaintiff's allegations, they can decide whether to file motions for summary judgment. If the case survives summary judgment, and the court concludes that there is a genuine issue of material fact regarding whether the defendants have deprived the plaintiff of his constitutional rights by using the lights in the way the plaintiff alleges, the court will consider whether the plaintiff needs a medical or psychiatric expert to prove his damages. (It is unlikely that the plaintiff will need an electrician as an expert—the question in the lawsuit is not whether the defendants have violated OSHA regulations or electrical protocols in using the lights, but

whether the use of the lights has deprived the plaintiff of his constitutional rights to safe prison conditions.)

The court will deny the motion without prejudice.

## I. Conclusion

The court **DENIES** the plaintiff's motion for preliminary injunction/ temporary restraining order. Dkt. No. 50.

The court **DENIES WITHOUT PREJUDICE** the plaintiff motion to appoint counsel, dkt. no. 49, and his amended motion to appoint counsel, dkt. no. 58.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for experts. Dkt. No. 59.

Dated in Milwaukee, Wisconsin, this 21st day of August, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**