UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY C. MOORE,

                         Plaintiff,

        v.                                        Case No. 17-cv-122-pp

DAN CROMWELL, *et al.*,

                         Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SUBSTITUTE REAL NAMES OF JOHN DOE DEFENDANTS (DKT. NOS. 60, 64, 65) AND DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS (DKT. NOS. 60, 63)

On August 20, 2018, the plaintiff, who is representing himself, filed a motion which he called, "Supplement Motion to Plaintiff's First Request to Production of Documents filed 7-31-18 Pursuant to Rule 34, refiled." Dkt. No. 60. In the first part of the motion, the plaintiff appears to ask for documents. It is not clear to the court whether he is directing those requests to the court or to the defendants. If he is directing his requests to the court, the court cannot help him. If he is directing his requests to the defendants, he should not have filed them with the court—he should have sent the requests directly to the lawyer for the defendants.

The Federal Rules of Civil Procedure lay out the discovery process, which generally takes place between the parties without the court's involvement. Fed. R. Civ. P. 33 allows a party to ask the other party to answer up to twenty-five interrogatories (*i.e.*, written questions), and Fed. R. Civ. Pro. 34 allows a party

to ask the other side to produce documents that the party believes are relevant to the alleged events.

As the court explained in its August 14, 2018, scheduling order (dkt. no. 57), Fed. R. Civ. P. 5(d)(1) requires parties to serve their discovery requests and responses (such as interrogatories, requests for documents or tangible things, and requests for admission) directly on the opposing party by mailing them to the opposing party's lawyer. Rule 5(d)(1) states that parties are not to file discovery requests or responses with the court unless a party wishes to use them to support a motion or other pleading or unless the court orders a party to file them. See also Notice Regarding Discovery, dkt. no. 53. In the future, the plaintiff should mail his discovery requests and responses to the defendant's lawyer (Shannon Conlin, Wisconsin Department of Justice, Office of the Attorney General, 17 West Main St., PO Box 7857, Madison, WI 53707-7857).

The next part of the plaintiff's motion requests "[d]epositions to be set up for the Defendant's [sic] and for [the plaintiff's] witnesses." Dkt. No. 60 at 2. The plaintiff explains that his institution's rules prevent his witnesses from signing affidavits, and one of his witnesses is on vacation while the other works in another area of the institution. Id. The plaintiff also explains that his "John Doe's [sic] can be used as witnesses also or as defendant's [sic] during the deposition." Id.

The court will not order or arrange depositions for the plaintiff. Even though the court has allowed the plaintiff to proceed without prepaying the filing fee, it is not required to help the plaintiff with the cost of litigating his

case. The rules allow a plaintiff to depose individuals, but only if he is able to comply with the requirements of Fed. R. Civ. P. 30. That rule requires that a deposition be conducted before an officer that is appointed or designated under Fed. R. Civ. P. 28 (generally, a person who is authorized under federal law to administer oaths, such as a court reporter). It also requires that the party who notices or arranges a deposition "bear[] the recording costs." Fed. R. Civ. P. 30(b)(3)(A). If the plaintiff is unable to satisfy those requirements, he cannot schedule depositions. Instead, he must get the information he wants by using other discovery tools, such as interrogatories and document requests.

In the third part of the plaintiff's motion, he seeks to identify the real names of the John Doe defendants. Dkt. No. 60 at 3. The plaintiff provides the names of ten individuals, along with a brief description of what the person allegedly did or did not do. In its screening order, the court allowed the plaintiff to proceed against "John Doe officers based on his allegations that they deliberately exposed him to bright emergency lights for long periods of time each day, despite his complaints of headaches and nausea, and despite alternative ceiling lights being available." Dkt. No. 41. The court did not allow the plaintiff to proceed against the John Does on any other basis. The court will allow the plaintiff to substitute only those individuals whose alleged actions fit that description.

The court will allow the plaintiff to substitute Lt. Rezloft, Cpt. Cushions, Captain Baumann, Sgt. Schierland and Sgt. Cole for the John Does placeholder based on his allegations that he asked them to turn off the lights but they

refused. Dkt. No. 60 at 3-6. The court will not allow him to substitute CO Jensen (who the plaintiff alleges wrote him a conduct report for blocking the light from his eyes), Howard Ray (who the plaintiff alleges inspected the institution in April 2018), Sgt. Rozmarynoski (who the court already dismissed as a defendant and who the plaintiff alleges wrote him a conduct report), Warden Eckstein (who the plaintiff alleges directed him to contact the Security Director to address his complaints), or John Kind (who the plaintiff alleges "failed to do his job" and "continues to support security") because the court has not allowed the plaintiff to proceed on claims based on those allegations.

Finally, the court notes that the plaintiff has filed multiple documents asking for the same thing, or asking the court to rule on previous requests. The court understands that the plaintiff wants his case to move forward quickly, and that it is frustrating when he asks the court for something and does not get a response right away. But the court has hundreds of cases, and every day it receives many motions from many people, asking for things. It takes the court some time to respond to all those requests. The court asks the plaintiff to be patient, and to ask one time for whatever he wants. The court will try to respond to him as soon as it can.

The court **DENIES** the plaintiff's motions for discovery and for depositions. Dkt. Nos. 60, 63.

The court **GRANTS in part** the plaintiff's motion to substitute the defendants' real names for the John Does placeholder. Dkt. No. 60, 64, 65.

The court directs the clerk of court to substitute Lt. Rezloft, Cpt. Cushions, Captain Baumann, Sgt. Schierland and Sgt. Cole for the John Does placeholder.

Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's amended complaint (dkt. no. 27), the court's screening order (dkt. no. 41), and this order will be elctronically transmitted to the Wisconsin Department of Justice for service on defendants Rezloft, Cushions, Baumann, Schierland and Cole.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendants Rezloft, Cushions, Baumann, Schierland and Cole to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated in Milwaukee, Wisconsin, this 4th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**