UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY C. MOORE,

        Plaintiff,

v.                                        Case No. 17-cv-122-pp

DAN CROMWELL, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING MOTION TO EXTEND DEADLINE TO FILE NOTICE OF APPEAL (DKT. NO. 118)**

---

Plaintiff Rodney C. Moore, a former inmate at Redgranite Correctional Institution,[1] is representing himself. On February 28, 2020, the court denied the plaintiff's motion for summary judgment, granted the defendants' motion for summary judgment, dismissed the case and entered judgment. Dkt. No. 116. On March 9, 2020, the court received from the plaintiff a motion asking the court to reconsider its decision on summary judgment on the grounds that the defendants failed to properly complete discovery and submitted a perjured affidavit. Dkt. No. 118. He also requested an extension of the deadline to file a notice of appeal. Id.

**I.    Motion for Reconsideration (Dkt. No. 118)**

The plaintiff does not cite a rule in support of his motion to reconsider,

---

[1] The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff was released to extended supervision on May 26, 2020. https://appsdoc.wi.gov/lop/detail.do.

1

and none of the Federal Rules of Civil Procedure refer to motions to reconsider. There are two rules that parties use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering that judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

Although the plaintiff did not cite a specific rule, he states in his motion that he "reserve[s] the right to file under 60(b) for near future if necessary." Dkt. No. 118 at 2. The court assumes from this statement that he intended to file his motion under Fed. R. Civ. P. 59(e). The plaintiff filed the motion ten days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not identify any newly-discovered evidence. As grounds for asking the court to alter its judgment, the plaintiff once again asserts that the defendants did not give him the materials he requested in discovery and that he believes Alan DeGroot perjured his affidavit. He offers no new evidence supporting these claims. In its February 28, 2020 order, the court explained at length why the defendants did not need to provide the

2

discovery materials, mainly because they were not relevant to the case. See Dkt. No. 116 at 6-7. The court also explained that even if the discovery materials had been relevant, the plaintiff had not complied with Fed. R. Civ. P. 37, because he did not attach a "meet and confer" certification to his first motion. Id. at 7. In his motion for reconsideration, the plaintiff says he "did send a certification that he contacted or attempted to contact there [sic] attorney's, the old attorney never sent that information to there [sic] new attorney." Dkt. No. 118 at 1. The plaintiff has not provided the court with proof of this certification. Nor has the plaintiff included any new evidence related to his claim that DeGroot perjured himself in his affidavit, and the court explained in its summary judgment order that there was at that time "no evidence that DeGroot perjured himself, in his declaration or anywhere else." Dkt. No. 116 at 14.

Because the plaintiff has not presented any newly-discovered evidence, he is entitled to relief under Rule 59(e) only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The plaintiff's motion does not demonstrate that the court made a manifest error of law or fact. At most, the plaintiff asserts that the court did not accept his certification, but even if the plaintiff had appropriately submitted a "meet and confer" certification, it

3

would not change the fact that the materials he sought in discovery were irrelevant. The court will deny the plaintiff's motion to the extent that it is a motion to alter or amended the judgment under Rule 59(e).

## II. Motion to Extend the Deadline to File a Notice of Appeal (Dkt. No. 118)

The plaintiff also requests an extension of time to file a notice of appeal to the Seventh Circuit. Dkt. No. 118 at 3. He asks for a six- to twelve-month extension. Id. He states he needs this because his release date is May 26, 2020 (a date which, due to the court's delay, now has passed), all his legal materials already have been mailed home and there is limited access to the law library because of a staff shortage and illness. Id.

A party may appeal this court's judgment by filing with this court a notice of appeal within thirty days of the entry of judgment. Fed. R. App. P. 3, 4. If a party files a motion under Fed. R. Civ. P. 59 to alter or amend the judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. 4(a)(4)(iv). The plaintiff's current deadline, without an extension, would be thirty days from the date of this order because this order includes the court's ruling on a Rule 59 motion. Where a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline, the court may extend it. Fed. R. App. P. 4(a)(5)(A). However, "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

The plaintiff has shown good cause to warrant an extension. Transitioning back into the population comes with several challenges. Unfortunately, the court cannot grant the plaintiff the several months he requests. At most, the court may grant him another thirty days in addition to the thirty days he gets upon entry of this order. Under the rules, the court may grant the plaintiff sixty days from the date of this order to file a notice of appeal. The court will grant the plaintiff's motion for an extension of time to file a notice of appeal but limit the extension to sixty days from the date of this order.

## III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 118.

The court **GRANTS** the plaintiff's motion for an extension to file a notice of appeal. Dkt. No. 118.

The court **ORDERS** that the plaintiff must file his notice of appeal in time for the court to *receive* it on **December 31, 2020**.

Dated in Milwaukee, Wisconsin this 29th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**